IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | 2:07-cv-1584-GEB-EFB |
| Plaintiff and ) | |
| Counterdefendant, ) | |
| ) | |
| v. ) | ORDER[*] |
| ) | |
| HENSLEY PROPERTIES, L.P., ) | |
| ) | |
| Defendant and ) | |
| Counterclaimant. ) | |

　　　　Plaintiff Bank of America ("BoA") filed a motion to dismiss Defendant Hensley Properties' ("Hensley") First Amended Counterclaims under Federal Rule of Civil Procedure 12(b)(6). BoA filed an earlier dismissal motion which was granted on Hensley's fraud counterclaim but denied on Hensley's breach of duty counterclaim in an order filed December 28, 2007 ("December 28 Order").[1] The December 28 Order granted Hensley leave to amend its fraud counterclaim. Hensley

---

[*]　　This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1]　　It is assumed the reader is familiar with the factual allegations stated in the December 28 Order.

1

1 subsequently filed its First Amended Counterclaims, which amend its
2 fraud counterclaim and reassert its breach of duty counterclaim.
3 Hensley alleges BoA fraudulently induced Hensley to enter into an
4 "interest rate swap" agreement and thereby breached its duty of care
5 to Hensley.  BoA argues these counterclaims should be dismissed
6 without leave to amend.

### I. Fraud Counterclaim[2]

8    BoA seeks dismissal of Hensley's fraud counterclaim, arguing
9 Hensley's reliance on BoA's alleged misrepresentations was not
10 reasonable since the Proposal and the Confirmation expressly stated
11 that the transaction was an "interest rate swap."  (Mot. at 8:5-10:4.)

> To state a claim for fraud, Hensley must allege that it reasonably relied on BoA's misrepresentations. Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) . . . "[U]nder New York law, **reasonable reliance is precluded when 'an express provision in a written contract contradicts a prior alleged oral representation in a meaningful fashion**.'" Republic Nat'l Bank v. Hales, 75 F. Supp. 2d 300, 315 (S.D.N.Y. 1999).

17 (Dec. 28, 2007 Order at 6:13-26 (emphasis added) (citations omitted).)
18    Hensley alleges in its First Amended Counterclaims that BoA
19 personnel orally misrepresented that the agreement at issue was a
20 "forward rate lock," and that the term "interest rate swap" is
21 "equated" with the term "forward rate lock."  (First Am. Counterclaims
22 ("FAC") ¶ 33.)  Hensley argues that since BoA orally misrepresented
23 that "interest rate swap" has the same meaning as "forward rate lock,"
24 the written agreement did not contradict the oral misrepresentations.
25 (Opp'n at 14:6-7; see FAC Ex. 1.)  Further, Hensley alleges that the
26 written provisions contained in the Proposal are "not clear or

---

28   [2]   The Federal Rule of Civil Procedure 12(b)(6) dismissal standard is well known and need not be repeated.

2

1 | obvious, but instead [are] unclear and ambiguous."  (FAC ¶ 37, 40.)
2 | For instance Hensley alleges the Proposal :
3 |         many of the hallmarks of a 'rate lock' for a fixed
                interest rate on the possible conventional loan
4 |         [Hensley] asked [BoA] about in the first place,
                including . . . [t]he 'Amount' of the loan
5 |         [Hensley] had asked for, $26,000,000, [a] fixed
                interest rate . . ., [m]onthly payments on the
6 |         15th of each month, [r]eferences to the
                'collateral,' [and a] '25 year mortgage style'
7 |         'amortization.'
8 | (Id. ¶ 37.)  Further, the Confirmation contains references to a "fixed
9 | rate" of interest with "payment dates" on the "15th of each [m]onth,"
10 | as well as a lengthy list of decreasing amounts of money beginning at
11 | the $26,000,000 loan amount Hensley had sought from BoA.  (See id.,
12 | Ex. 2.)
13 |         Hensley's allegations sufficiently allege that it reasonably
14 | relied on BoA's oral misrepresentations that Hensley and BoA were
15 | entering into a "forward rate lock agreement," which were not
16 | contradicted by the written agreements.  Therefore, BoA's motion to
17 | dismiss Hensley's fraud counterclaim is denied.
18 |                    **II. Breach of Duty Counterclaim**
19 |         BoA seeks dismissal of Hensley's counterclaim for breach of
20 | duty, arguing that even if banks owe a duty of care to their
21 | customers, Hensley has not alleged facts showing it was in a customer
22 | relationship with BoA.  (Mot. at 11:1-6.)
23 |         Hensley counters that since BoA's previous motion to dismiss
24 | Hensley's breach of duty counterclaim was denied in the December 28
25 | Order, BoA's motion on this ground is precluded by the "law of the
26 | case" doctrine.  (Opp'n at 4:6-23.)  Hensley contends it "amended only
27 | its fraud claim and the general statement of facts in support
28 | thereof," but "did not amend, alter, or change the relevant

allegations or substance of its 'Breach of Duty' claim . . . ."  (Id. at 4:16-20.)

"Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court . . . [if] the issue in question [was] . . . 'decided explicitly . . . in the previous disposition.'"  United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quoting Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982)).  Since the breach of duty issue was decided explicitly in the December 28 Order and BoA's pending motion advances the "same general attack" on Hensley's breach of duty counterclaim without providing a reason why the issue should be revisited, BoA's motion to dismiss Hensley's breach of duty counterclaim is barred by the previous disposition in the December 28 Order.  See Strigliabotti v. Franklin Resources, Inc., 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005) (holding law of the case doctrine barred subsequent dismissal motion where defendants' motion "advance[d] the same general attack" as their previous motion which had been denied).

### III. Summary

For the foregoing reasons, BoA's dismissal motion is denied.

IT IS SO ORDERED.

Dated:  April 4, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge