IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BANK OF AMERICA, N.A.,

    Plaintiff,

vs.

HENSLEY PROPERTIES, L.P.,

    Defendant.

_____/

AND RELATED COUNTERCLAIM

_____/

No. CIV S-07-1584 GEB EFB

ORDER

        This case was before the undersigned on June 25, 2008, for hearing on defendant's motions for protective and sealing orders. Floyd W. Cranmore and Dennis Shore appeared as defense counsel on behalf of Hensley Properties, L.P. ("Hensley"), and Ryan J. Larsen appeared as plaintiff's counsel.

        The court heard the parties' arguments, indicated that it would take the motions under submission, and told the parties that a written order would be forthcoming. The next day, defense counsel telephoned the court and attempted to initiate *ex parte* communications with respect to the pending motions. Counsel was directed to file a motion or additional briefing as he deemed appropriate. Instead, defense counsel sent an e-mail to the court, *see* attached electronic communication, which was "carbon-copied" to plaintiff's counsel. In it, defense

counsel asked the court for a follow-up teleconference in which counsel for third party Lyn Bright could be heard regarding the Brights' concerns about disclosing their personal financial information, as well as Hensley's, without a sealing order.[1]  In particular, defense counsel referred to the Brights' substantial wealth and their fears that publicizing that information would physically endanger their family.  The court reminds defendant that it has put the financial sophistication of Cheryl Bright squarely at issue in its defense and counterclaims.  The arguments referenced in the e-mail are mere conjecture, and they underscore Hensley's inability to articulate specific and compelling reasons to justify the extremely broad sealing order it proposes.

Plaintiff's counsel responded to defense counsel's e-mail, objecting to the proposed conference call and urging the court to enforce all applicable rules in its efforts to obtain the relief it seeks.  The court admonishes defense counsel to abide by all applicable rules, and hereby denies defendant's request for a teleconference.  The pending motions for protective and sealing orders stand submitted and a written order thereon is forthcoming.

SO ORDERED.

DATED: June 30, 2008.

*signature*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Lyn Bright is married to Cheryl Bright, Hensley's general partner. Ms. Bright negotiated the contract that is the subject of both plaintiff's lawsuit and Hensley's countersuit. Ms. Bright has put her financial sophistication squarely at issue in both suits.



"Larsen, Ryan J." <ryan.larsen@kattenlaw.com>

06/26/2008 05:22 PM

To "Floyd Cranmore" <fcranmore@bhsmck.com>, <efborders@caed.uscourts.gov>
cc "Dennis Shore" <dshore@bhsmck.com>, <jmoses@bw-firm.com>, "Richter, Stuart M." <stuart.richter@kattenlaw.com>
bcc
Subject RE: Bank of America v. Hensley: request for Telephonic Discovery Conference

History: 　　This message has been forwarded.

The Clerk of the Court:

Bank of America, N.A. objects to this ex parte contact with the Court and objects to the conference call requested herein. There is no procedure authorizing such a call, which is essentially a premature motion for reconsideration of the matters submitted at the hearing yesterday. In addition, Mr. Cranmore, counsel for Hensley Properties, LP, does not have standing to seek to intercede on behalf of a third party, Lyn Bright, that he admittedly does not represent. If counsel for Mr. Bright chooses to seek relief he must do so by following the applicable rules.

Ryan J. Larsen
Counsel for Plaintiff Bank of America, N.A.


**From:** Floyd Cranmore [mailto:fcranmore@bhsmck.com]
**Sent:** Thursday, June 26, 2008 4:10 PM
**To:** efborders@caed.uscourts.gov
**Cc:** Dennis Shore; Larsen, Ryan J.; jmoses@bw-firm.com
**Subject:** Bank of America v. Hensley: request for Telephonic Discovery Conference

Nic

   Hensley, LP, requests a telephonic discovery conference, on behalf of attorney James (Jim) Moses, counsel for third-party Lyn Bright, whose records are part of the subject matter of Hensley' motion for protective order, etc. The bases are explained below:

   Mr. Shore spoke with Mr. Moses after the hearing, regarding acceptance of service on a deposition subpoena, and informed him regarding the motion for protective order and to seal.

   Mr. Moses immediately expressed a desire to raise directly with Magistrage Judge Brennan a strong and very pressing concern that was not raised in Hensley's papers. Mr. Moses suggested perhaps a letter or a declaration. Either way, there are concerns about any such item being publicly filed, as explained further below, and proceedurally how most effectively to get third-party Lyn Bright's concerns before the court.

   So, we requests the conference to give Lyn Bright's counsel, Mr. Moses an opportunity to raise his concerns with Magistate Judge Brennan, and get his thoughts on the most effecient way to proceed -- which may even include an ex parte to file such request under seal, under the non-dispositive motion "good cause" standard.

   In a nutshell, Mr. Moses pointed out to Mr. Shore the facts that: (1) the Brights are very wealthy - in the 8 figure range, but (2) they live unostenatiously in an outlying rural area without body guards or such security, (3) and they have a young son and daughter, just-out-of-college ages, one with a new baby. Mr.

Moses is very concerned that any broad publication of the extent of the Bright's wealth could lead to the potential for kidnapping of the Bright's children and/or their new grandchild (a'la Getty, Hearst, etc.). While redacting the Bright's addresses helps somewhat, their home property records may be found in public records by anyone sufficiently motivated to do so. The Bright children's names also appear in various of the Trust documents.

Neither these "personal" facts nor the potential risk for this type of "personal" harm were submitted to the court in any of Hensley's publicly filed papers for the court's consideration in this matter.

Indeed, Mr. Moses is further concerned that even the very act of submitting such a concern in a publicly filed document might be tantamount to an "invitation" to kidnapping. So Mr. Moses wanted to raise the matter with Magistrate Judge Brennen, for his thoughts on how best to proceed.

Yours,
Floyd Cranmore

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).