IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | | |
| | Plaintiff, | No. CIV S-07-1584 GEB EFB |
| vs. | | |
| HENSLEY PROPERTIES, L.P., | | ORDER |
| | Defendant. | |
| AND RELATED COUNTERCLAIM | | |

This case was before the undersigned on July 23, 2008, for hearing on a motion to compel responses to requests for production of documents filed by defendant and counterclaimant, Hensley Properties, L.P. ("Hensley"). Floyd W. Cranmore and Dennis Shore appeared as defense counsel, and Ryan J. Larsen appeared as plaintiff's counsel. Having considered the submitted papers and oral argument, the court denies defendant's motion without prejudice and enters the following orders against plaintiff.

This case was previously before the undersigned regarding various discovery disputes.

////

////

////

1

The court therefore declines to repeat the case's lengthy factual background here. The present dispute concerns requests for production of documents served on Bank of America, N.A. ("BOA") while this action was still pending in the Southern District of New York.[1]

BOA served responses and objections, which Hensley found unsatisfactory. The parties met and conferred on several occasions, and Hensley continued to clarify what kinds of documents were sought by each request. Hensley now moves for an order compelling BOA to respond to the requests as clarified through the parties' subsequent meet and confer correspondence. *See* Fed. R. Civ. P. 37(a).

Hensley identifies requests nos. 4 through 18 as those currently in dispute. On July 3, 2008, Hensley served a second set of Requests to Produce, which narrowed the requests and clarified their scope in accordance with Hensley's previous explanatory meet and confer correspondence. *See* Declaration of Ryan J. Larsen in Support of BOA's Opposition ("Larsen Decl."), Exh. H thereto. At the time of the July 23, 2008, hearing, BOA's responses were not yet due. *See* Fed. R. Civ. P. 34(b)(2)(A) (responses due thirty days after requests are served, unless stipulated or ordered otherwise).

The court will not order plaintiff to respond to defendant's letters clarifying the initial requests. Such an order would be moot in any event, because the second set of requests represents a clarification and narrowing of the requests that are disputed in this motion. Hensley admitted as much during the hearing, although it requested some direction with respect to the manner in which plaintiff should respond to this new set of requests.

In particular, Hensley pointed to BOA's supplemental responses to various requests in which it indicates it "will produce [responsive documents] which it reasonably believes to be responsive to this request." *See, e.g.,* Joint Statement re: Discovery Dispute, at 24:21-24. As instructed at the hearing, plaintiff shall provide unequivocal responses to the second set of

---

[1] The case was transferred to this district on July 27, 2007.

2

discovery requests without the qualifying "reasonably believes" language.  Further, to the extent plaintiff indicates that it has produced all documents responsive to any particular request, it is ordered to provide a certification to that effect, endorsed by both plaintiff and its counsel.

Although much of the motion is mooted by the pending second set of requests, the court admonishes the parties regarding several issues raised in this motion.  First, plaintiff is cautioned against responding to the second set of discovery with vague, boilerplate objections, especially those based on relevancy.  *See United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (citing numerous cases holding that boilerplate objections are insufficient to meet a party's burden to explain why discovery requests were objectionable).

In the civil context, discovery is broad and far-reaching.  The Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Here, Hensley's position is that BOA "duped" Cheryl Bright into entering an interest-rate swap, which she believed was merely an agreement to guarantee a particular interest rate should Hensley decide to refinance its mortgages through BOA.  Many of the requests at issue relate to BOA's policies and procedures with respect to interest rate swaps, which Hensley alleges were not complied with in the transaction that is the subject of this litigation.  Such policies and procedures are therefore relevant within the meaning of the Rules.

While BOA has produced some documents responsive to these various requests, Hensley believes additional documents exist and is dissatisfied with the lack of explanation accompanying the thin production.  Hensley has cited no authority requiring the producing party to explain the substance and meaning of documents produced pursuant to a Rule 34 request.  To the extent BOA claims it has produced all responsive documents, the court directs BOA to provide the signed certifications to that effect.

3

1  Next, the court addresses BOA's assertion that only request nos. 9, 11, and 15 are at
2 issue. These requests seek documents relating to: interest rate swaps between BOA's Modesto
3 branch and third parties from 2004 to present; internal BOA documents concerning the
4 "profitability" of interest rate swaps generally; and, internal BOA documents concerning pricing
5 models for interest rate swaps.

6  BOA objects to these requests on grounds that they infringe on its customers' privacy
7 rights and otherwise seek highly confidential and proprietary ("trade secret") information. It
8 also argues that the requests call for tens of thousands of documents which would take "weeks to
9 gather." *See* Joint Statement, 33:1.

10  This last assertion does not show that the requests place an "undue burden" on BOA
11 sufficient to prevent discovery or to justify a protective order, for which, incidentally, BOA has
12 not moved. Civil litigation involving businesses entails discovery that can last for months, if not
13 years, and requires incredible amounts of time and resources. Those resources are only
14 squandered by asserting boilerplate "burdensome" objections.

15  Furthermore, to the extent BOA intends to reassert these "privileges" in response to the
16 second set of requests, the court admonishes it to comply with the requirements of Fed. R. Civ.
17 P. 26(b)(5); *see also* Court's briefing order (doc. no. 72) (warning that failure to produce a log
18 will result in a waiver).

19  To the extent BOA intends to reasserts the "trade secret privilege," it is admonished that
20 it has the burden of establishing the existence of the privilege. *Davis v. Leal*, 43 F. Supp. 2d
21 1102, 1110 (E.D. Cal. 1999). "A trade secret is not simply any material the withholding party
22 would rather keep confidential, but is: secret information essential to the continued operation of
23 a business or industry [that] may be afforded some measure of protection against unnecessary
24 disclosure." *Id*. (quoting Law Revision Comment to § 1060 (1995)) (emphasis added).

25  "Where a business is the party seeking protection, it will have to show that disclosure
26 would cause significant harm to its competitive and financial position. That showing requires

4

specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307-08 (N.D. Cal. 2005) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the declarations submitted by BOA are insufficient to meet that burden, as they contain only conclusory statements regarding the competitive nature of the swap market and the potential harms of disclosing pricing models.

Further, "[u]nder California law, . . . the trade secrets privilege is not absolute, but requires a balancing of the need for protecting the secret with the needs of the case." *Davis*, 43 F. Supp. 2d at 1110 (citing *Raymond Handling Concepts Corp. v. Superior Court*, 39 Cal. App. 4th 584, 590 (Cal. Ct. App. 1995)).

The court admonishes BOA to reconsider Hensley's offer of submitting a proposed stipulated protective order for the court's approval. Such an order would limit disclosure of the information to the context of the litigation.

This order would also protect the privacy interests of its clients who also entered into interest rate swaps, documentation of which Hensley has requested in order to show it was not treated the same as other customers. As explained in the court's previous order, there is no "banker-client" privilege, although many courts recognize a bank's duty to keep its clients' information confidential. *See, e.g., Valley Bank of Nev. v. Superior Court*, 15 Cal. 3d 652, 658 (Cal. 1975) (noting that while there is no banker-client privilege, the state constitution's right of privacy requires the bank to afford the customer a fair opportunity to assert his interests before the bank discloses the information to a third party). Here, BOA does not allege that it has even contacted the third parties regarding this production. Doing so, and agreeing to the terms of a protective order may alleviate any objections on the basis of privacy. Nonetheless, the court admonishes BOA that in the context of federal litigation, the Federal Rules of Civil Procedure apply, and to the extent it wishes to withhold information it believes to be protected by law, it

1  should move for a protective order.  *See* Fed. R. Civ. P. 1, 26.  The court further notes that under
2  applicable state law, privacy rights are not absolute and are subject to a balancing.  *See, e.g.,*
3  *Davis*, 43 F. Supp. 2d at 1110.  In light of the pending responses to the second set of requests,
4  the court will not find that BOA has waived any privilege.
5       In accordance with the foregoing, defendant's July 2, 2008, motion is denied without
6  prejudice to renewal.  All requests for monetary sanctions are denied.
7       SO ORDERED.
8  DATED:  August 6, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE